NO. 07-05-0124-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 19, 2005

_____

IN RE WILLIAM DARRELL EDWARDS, RELATOR
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator William Darrell Edwards has filed a petition requesting this court to issue a writ of mandamus directing the 181st District Court of Potter County to rule on his motion to obtain records. For the reasons stated below, we deny the request.

According to relator's petition, on December 21, 2004, he filed a motion to obtain a transcript of proceedings to be used in preparing an application for a writ of habeas corpus.[1] Without taking any action to obtain a ruling on his motion, appellant initiated this original proceeding. The applicable standards for issuance of a writ of mandamus are well

---

[1]There is authority that indigent criminal defendants are generally not entitled to a free clerk's or reporter's record from their conviction for the purpose of preparing applications for post-conviction habeas corpus relief. *See In re Trevino*, 79 S.W.3d 794 (Tex.App.–Corpus Christi 2002) (orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex.App.–Houston [1st Dist.] 1993, no pet.).

established and we shall not repeat them here. *See generally Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

There are two reasons why relator's petition must be denied. First, the trial court has not refused to rule on relator's motion, and second, relator's petition does not meet the requirements for such pleadings set out in Rule of Appellate Procedure 52. In *Stoner v. Massey*, 586 S.W.2d 843 (Tex. 1979), our Supreme Court articulated three elements necessary to show entitlement to a writ of mandamus such as that sought by relator: first, a legal duty to perform a nondiscretionary act; second, a demand for performance; and third, refusal of that demand. *Id.* at 846.

Presenting the court with a demand for performance provides the trial court an opportunity to rule on the motion. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston 14th Dist. 1992) (orig. proceeding). In *Barnes*, the relator sought a writ of mandamus directing the trial court to rule on his motions. *Id.* at 425. While agreeing the trial court had a duty to rule within a reasonable time, the court noted:

> The relator has not provided us with a record that shows that, after he filed his motions, relator asked the trial court for a hearing and ruling on his motions and the trial court refused to hold a hearing and to rule. From this record, it appears the relator did not take any action to alert the trial court that it had not yet considered his two motions.

*Id.* at 426. Based on this failure, the court denied the petition. *Id.*

-2-

By contrast, in *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268 (Tex.App.–San Antonio 1997) (orig. proceeding) the court conditionally granted a writ of mandamus where the relator had made repeated written requests to the court coordinator to schedule hearings on its motion, requests that were expressly denied, and the trial judge expressly stated his refusal to rule on motions. *Id.* at 269. Here, as in *Barnes*, there is nothing to indicate relator has brought his motion to the attention of the trial court[2] by requesting a hearing or otherwise, or that such request has been denied. This omission requires denial of relator's petition. 832 S.W.2d at 426.

The second reason relator's petition must be denied is that it fails to meet the mandatory requirements of Rule of Appellate Procedure 52. Rule 52.3(j)(1) requires the petition to include a certified or sworn copy of any "document showing the matter complained of." As applied to this proceeding, the rule required relator to provide us with, at a minimum, a copy of the motion forming the basis of his complaint. Without it, this court could not conclude the document was properly before the trial court. *See Barnes*, 832 S.W.2d at 427. Relator's petition for writ of mandamus is denied.

James T. Campbell
Justice

---

[2]That a document is filed with a court's clerk does not necessarily mean that the judge is aware of it. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001) (orig. proceeding).